IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conair Corporation | : |
|     Plaintiff, | : Civil Action No. 303CV993 SRU |
| vs. | : |
| L&N Sales and Marketing | : |
|     Defendant. | : |
| | : NOVEMBER 7, 2003 |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Date Original Complaint Filed:   June 4, 2003

Date Complaint Served :   June 11, 2003

Date of Defendant's Appearance:   July 25, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 38, a conference was held on November 5, 2003 by telephone conference. The participants were:

Eric E. Grondahl, Esq.
McCarter & English
City Place I, 36th Floor
Hartford, CT 06103-3495
Attorneys for Plaintiff, and

James Lewis Griffith, Esq.
Klett, Rooney, Lieber & Scherling
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756
Attorney for Defendant

I.  Certification

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. The undersigned counsel further certify that they have forwarded a copy of this report to their clients.

II.  Jurisdiction

A.  Subject matter Jurisdiction. This is a civil action arising under the patent laws of the United States, particularly Title 35, United States Code, Sections 271 and 281. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) in that this Complaint raises federal questions under United States Code, Title 35.

B.  Personal Jurisdiction. Personal Jurisdiction is not contested.

III.  Brief Description of Case

A.  Claims of Plaintiff:

Plaintiff claims that Defendant has infringed its trade dress rights in the ornamental appearance of several of its hair brushes in violation of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff claims that Defendant's actions in copying the appearance of Conair's hair brushes is likely to confuse consumers regarding the source of the products.

Plaintiff also claims that Defendant has infringed U.S. Patent No. 5,865,188 entitled "Brush for Straightening Hair" issued on February 2, 1999 and

assigned to Plaintiff ("the '188 patent"). Defendant's Model No. 18722-A hair brush infringes one or more claims of the '188 patent.

Plaintiff claims that Defendant's actions in infringing Plaintiff's trade dress and the '188 patent are willful, and that Plaintiff should therefore be awarded treble damages and its attorneys' fees. Plaintiff also seeks a permanent injunction enjoining Defendant from further infringement of its trade dress or the '188 patent.

    B.    <u>Defenses of Defendant</u>:

Conair's Complaint fails to state a claim upon which relief can be granted and Conair's Complaint is barred by laches, acquiescence, estoppel, and/or waiver.

L&N has not infringed nor engaged in any acts of patent infringement, or trade dress infringement, nor violated any valid federal, state and/or common law rights of Conair. None of L&N's goods is likely to cause confusion between L&N and Conair, or to cause mistake or to deceive any person to believe that L&N is affiliated, connected or associated with Conair as would constitute a violation of the Lanham Act. Conair's alleged trade dress in its Conair Hair Brushes configuration lacks secondary meaning and is not inherently distinctive. Conair has performed no image advertising for the configuration of its Conair Hair Brushes. Conair has performed no image advertising for the packaging of its Conair Hair Brushes.

Even if Conair did possess rights in its alleged Conair Hair Brushes trade dress, such alleged rights have been abandoned because of Conair's failure to

police the marketplace. There are other users of brushes similar to L&N's and Conair's. There is no likelihood of confusion between the configuration of L&N's hair brushes and the configuration of Conair Hair Brushes. There is no likelihood of confusion between the packaging of L&N's hair brushes and the packaging of Conair Hair Brushes.

Purchaser's of L&N's goods do not believe that L&N's goods are sponsored by Conair or in any way authorized by Conair. All of L&N's brushes and packaging carry the trademark "SCUNCI". L&N's" SCUNCI" trademark has its own reputation as a source of hair products and the purchasing public is familiar with "SCUNCI" trademark and are not misled as to the source of such goods.

L&N's hair brushes complained of by Conair are packaged in distinctive packaging that prominently displays indicia signifying a source other than Conair. There can be no likelihood of confusion as to the product configuration of L&N's brushes because the labeling, packaging and advertising of L&N's brushes differs from that of the Conair brushes.

It is a custom of the trade, widely practiced, to copy competitor's articles which upon the advice of counsel are not covered by valid intellectual property protection, such as valid patent, trademark or copyright protection. Conair has repeatedly copied L&N's articles which are not covered by a patent. The actions of L&N complained of by Conair are competition favored by the law. They were not performed in bad faith, nor was there any intention to confuse the purchasing public. L&N's actions were based on the advice of counsel and due diligence.

No customers of L&N, whether intermediate such as stores and distributors, nor ultimate users, such as the purchasing public, believed or are likely to believe that L&N's brushes were made by Conair.

Conair is barred from obtaining any relief because of unclean hands, inequitable conduct, patent misuse and/or trademark misuse. Some or all of the claims of the '188 Patents are invalid for failure to satisfy the conditions for patentability under 35 U.S.C. §§101, 102 and 103 and the description and disclosure requirements of 35 U.S.C. §112.

Conair has brought and maintains a frivolous action. Months prior to this Answer and Counterclaim, Conair and its counsel have been aware of anticipatory prior art which invalidates claims of the '188 patent under 35 U.S.C. §102 or renders claims of the '188 patent obvious under 35 U.S.C. §103. The claims of the '188 Patent are entitled to limited or no scope under the doctrine of equivalents. The doctrine of prosecution history estoppel limits the scope of the doctrine of equivalents of the claims of the '188 Patent due to representations, arguments and/or amendments made during prosecution of the '188 Patent in the United States Patent and Trademark Office.

Conair's assertion of a trademark infringement is an illegal, bad faith attempt to create design patent protection for a non-distinction, non-protected hair brush.

Case Management Plan

A.   Standing Order of Scheduling in Civil Cases

The parties request the following modification of the deadlines in the Standing Order on Scheduling Civil Cases as listed in detail in the following paragraphs:

| | |
|---|---|
| Plaintiff's Expert Reports: | April 30, 2004 |
| Defendant's Expert Reports: | June 30, 2004 |
| Close of Discovery: | July 31, 2004 |
| Dispositive Motions | August 31, 2004 |

B.  <u>Scheduling Conference with the Court</u>

The parties do not request a scheduling conference with the Court before entering a scheduling order pursuant to Fed.R.Civ.P.16(b).

C.  <u>Early Settlement Conference</u>

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.  Plaintiff does not request an early settlement conference. Plaintiff is willing to discuss reasonable settlement terms with the Defendant without the intervention of the Court.

3.  Defendant, however, strongly urges this Court to schedule an early settlement conference and submits that same may expedite resolution of this matter. Specifically, Defendant has only sold $80,000 (gross) of the subject brushes to date and even based on a royalty of 6% (disputed as to proper royalty rate), Plaintiff's damages in this matter are approximately $4,800. Given the de

minimus damages at issue, Defendant respectfully requests the Court's intervention as early as possible before considerable judicial resources are expended. Defendant without prejudice to its legal defenses and without any admission of liability has redesigned its product to avoid any further litigation and so injunctive relief is not required.

4. Plaintiff does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

5. Defendant <u>does request</u> a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. Joinder of Parties and Amendment of Pleadings

Specifically, subject to the applicable statute of limitations, the Plaintiff should be allowed until December 31, 2003 to file motions to join additional parties and file motions to amend the pleadings.

The Defendant should be allowed to file motions to join additional parties, as they may be disclosed anytime during the discovery phase of this litigation.

E. Discovery

1. Timing and Scope of Rule 26(a)(1) Initial Disclosures

Initial Disclosures pursuant to Rule 26(a)(1) will be served by December 3, 2003.

2. The parties anticipate that discovery will be needed on the following subjects:

For Plaintiff:

Plaintiff anticipates that discovery will be needed regarding infringement of the '188 patent, including the design and functionality of Defendant's accused products; Plaintiff's damages from infringement of the '188 patent, including sales and profits on the accused products, violation of Plaintiff's trade dress rights in the ornamental appearance of its products, including the design of Defendant's products and consumer confusion resulting from Defendant's infringing products; Plaintiff's damages from infringement of its trade dress, including sales and profits on the accused products; whether this case is exceptional justifying an award of attorneys' fees and enhanced damages to Plaintiff, including whether the infringement was knowing and/or willful; and Defendant's Affirmative Defenses and Counterclaims. Plaintiff reserves the right to seek discovery on any additional topic that is reasonably calculated to lead to discovery of admissible evidence.

For Defendant:

Defendant's discovery will be directed at the original prosecution of the alleged patent and the due diligence alleged by Con-Air before they purchased the Patent. Defendant will seek discovery and depose any witness who has information as to the alleged trademark violations and Defendant will conduct the 30(b)(6) deposition of witnesses regarding the claim of Patent infringement, trademark issues and all damage issues. Defendant reserves the right to depose any and all experts and witnesses identified by Con-Air in discovery and specifically reserves its right to seek discovery on any additional topic that is reasonably calculated to lead to discovery of admissible evidence.

3. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced within 10 days of receipt of Plaintiff's initial disclosures. Defendant specifically reserves the right to seek an extension of all Discovery Deadlines in the event of Plaintiff's failure to make its disclosures in a timely fashion.

4. Discovery will not be conducted in phases. Defendant objects to any bifurcation of liability and damages issues.

5. There are no issues for early discovery.

6. The parties anticipate that the plaintiff will require a total of not more than ten depositions of fact witnesses and that the defendant will require a total of not more than 10 depositions of fact witnesses. The depositions will commence after December 3, 2003.

7. The parties will not request permission to serve more than 25 interrogatories.

8. Plaintiff intends to call expert witnesses at trial. Plaintiff proposes that it will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by a date not later than April 30, 2004. Depositions of any such experts shall be completed not later than July 31, 2004.

9. Defendant intends to call expert witnesses at trial. Plaintiff proposes that Defendant designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by a date not

later than June 30, 2004. Depositions of such experts will be completed by a date not later than July 31, 2004.

      10.    Damages analysis be provided by any party who has a claim or counterclaim for damages within the applicable deadline for expert reports.

      G.    Dispositive Motions.

Dispositive motions be filed on or before August 31, 2004.

      H.    Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the close of discovery or the ruling(s) on all dispositive motions, whichever is later.

VI.    Trial Readiness

The case will be ready for trial by 90 days after the close of discovery or 60 days after a ruling on all dispositive motions, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, CONAIR CORPORATION

BY _____
William H. Narwold (CT 00133)
Eric E. Grondahl (CT08988)
McCarter & English
City Place I, 36th Floor
Hartford, CT 06103-3495
Attorneys for Plaintiff

DEFENDANT, L&N SALES & MARKETING

BY _____
James Lewis Griffith, Esq.
Klett, Rooney, Lieber & Scherling
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756
Attorney for Defendant

HARTFORD: 600837.01

- 11 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Joint Report of Parties' Planning Meeting dated this 7th day of November, 2003 to:

>James Lewis Griffith, Esq.
>Klett, Rooney, Lieber & Scherling
>Two Logan Square, 12th Floor
>Philadelphia, PA  19103-2756
>
>Arthur H. Seidel, Esq.
>Drinker Biddle & Reath LLP
>One Logan Square
>18th and Cherry Streets
>Philadelphia, PA  19103-6996
>
>William J. Cass, Esq.
>Cantor Colburn LLP
>55 Griffin Road South
>Bloomfield, CT  06002

_____
Eric E. Grondahl

HARTFORD: 600837.01